NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In Re the Matter of:

HEATHER ANNE SEARLES, *Petitioner/Appellant*,

*v.*

JASON LEE WOLFE, *Respondent/Appellee*.

No. 1 CA-CV 24-0074

FILED 10-24-2024

Appeal from the Superior Court in Maricopa County
No. FC2020-050160
The Honorable Colleen E. O'Donnell-Smith, Judge

**AFFIRMED**

COUNSEL

Reardon House Colton PLC, Scottsdale
By Kristi A. Reardon, Taylor S. House, Sally M. Colton
*Counsel for Petitioner/Appellant*

Stanley David Murray Attorney at Law, Scottsdale
By Stanley D. Murray
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Michael S. Catlett delivered the decision of the Court, in which Judge Jennifer M. Perkins and Vice Chief Judge Randall M. Howe joined.

---

**C A T L E T T**, Judge:

**¶1** Heather Searles ("Mother") appeals the superior court's decision awarding Mother and Jason Wolfe ("Father") joint legal decision-making authority and denying Mother's request for attorney fees. Because the court did not abuse its discretion, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2** Mother and Father never married but are the parents of S.W. ("Child"), who was born in September 2013. Mother and Father's disagreements over legal decision-making, parenting time, and child support began four years ago.

**¶3** In January 2020, Mother petitioned for sole legal decision-making authority, citing concerns about Father's illegal drug use and arrest in 2019, which occurred in Child's presence. The Maricopa County Attorney's Office elected not to pursue charges against Father. In response to Mother's petition, the court ordered Father to undergo random drug testing. Father completed a hair follicle test, which was positive for MDMA (commonly known as ecstasy), cocaine, and benzoylecgonine (the major metabolite of cocaine). About a week later, Father completed two urinalysis drug tests. Both tests were negative for all substances.

**¶4** Shortly thereafter, the superior court issued temporary orders awarding the parties joint legal decision-making with Mother having the final say, restricting Father to supervised parenting time, ordering Father to continue random drug testing, and designating a Court-Appointed Advisor ("CAA").

**¶5** After trial on Mother's petition, the court modified its temporary orders because Father provided several negative drug tests. The court ordered Father to begin testing only for alcohol and allowed him unsupervised parenting time so long as he continued to test negative. The

2

court also awarded Mother and Father joint legal decision-making authority.

¶6            In October 2022, Mother filed a petition to modify, requesting sole legal decision-making authority due to renewed concerns about Father's drug use. Mother also filed a Motion for Drug Testing of Father, which the court granted. On November 2, 2022, Father's hair follicle test was positive for cocaine and benzoylecgonine. Father's urine test from the same day, however, was negative for all substances. The court approved an agreement between Father and Mother that Father would resume random drug testing twice a week and test for alcohol twice a day on the days he exercised parenting time. The court's drug testing order provided that a missed test or diluted sample "may be considered an admission by [Father] that the testing, if properly conducted, would have revealed the use of the substance(s) tested for[.]" The court also reinstated the CAA.

¶7            Shortly thereafter, Father tested positive for alcohol in December 2022, and tested positive for opiates twice in January 2023. Father tested positive on days he was with Child. At Mother's request, the court held a hearing to discuss the positive results. During the hearing, Father disputed each positive test. Father provided a negative alcohol test from the same day, but from a different testing facility. Father attributed his positive drug tests to a poppy seed muffin he ate out of Child's lunchbox. Father also provided a negative hair follicle test taken three weeks after his last positive drug test. Finally, Father assured the court he had not missed any required tests and that all tests since January had been negative. The court ordered Father's parenting time be supervised until he could demonstrate 45 days of consistent, negative drug and alcohol test results. The court also increased the frequency of Father's alcohol testing to three times a day during his parenting time.

¶8            For the next several months, Father consistently tested negative for drugs and alcohol. Father missed a drug test on May 12, 2023, due to an out-of-state trip. Father gave Mother advance notice that it was possible he would miss the scheduled test. Father also completed an unobserved drug test while on his trip, which came back negative. In response, Mother filed a motion requesting sole legal decision-making authority on the basis that Father violated the court's drug testing order by missing a scheduled test. Mother also requested that Father submit to a hair follicle test. The court found that Father had violated the court's drug testing order by missing his scheduled test but denied Mother's request for sole legal decision-making authority. The court instead ordered Father to

give Mother a written itinerary of any future travel plans and to file the results of a hair follicle test. Father's hair follicle test results were negative.

¶9 On June 22, 2023, the drug testing facility reported Father was a "no show." Father claimed the "no show" result was an error because the facility refused to test him that day. To comply with the court's drug testing order, Father tested at a different facility the same day and filed his negative results with the court.

¶10 The testing facility reported another "no show" for Father's scheduled test on July 15, 2023. Father explained the facility erroneously scheduled him for a third weekly test on July 15, when he was only required to test twice weekly. And despite having already tested negative twice that week, upon receiving the "no show" report, Father went to another testing facility and completed an observed test. That test was negative for all substances.

¶11 On September 19, 2023, Father's drug test was reported positive because the sample was diluted. In response, Father opted to submit to a hair follicle test on September 25, 2023, which came back negative for all substances.

¶12 At the hearing on Mother's petition to modify, the CAA expressed concerns about Father's substance abuse history and that Mother was causing Child emotional distress by discussing the ongoing litigation with Child. The CAA was also concerned that Father did not give a complete history of his substance abuse during his screening, which might have affected his treatment recommendation. The CAA, however, did not recommend changing the existing joint legal decision-making order.

¶13 Mother testified she was concerned about Father's missed and diluted tests because, in her opinion, they demonstrated disrespect for the court's testing orders. Mother was also concerned Father was dishonest in his substance abuse screening. But Mother testified she no longer sought sole legal decision-making authority; rather, she sought joint legal decision-making authority with her having the final say.

¶14 Father testified he had eleven months of negative hair follicle tests and over 500 negative alcohol tests. Father also presented evidence showing that in May 2023, he completed a substance abuse screening. Father testified he gave the screening facility all his drug test results. In his screening, Father admitted he used cocaine multiple times, including in August 2022, but claimed he had not used drugs since. Father also told the clinician that his relapse in August 2022 "was not a favorable experience

and [he did] not want to do [it] again." The clinician recommended no further treatment for Father.

¶15        In its order on Mother's petition to modify, the court first found that Child had close bonds with Mother and Father, and it was in Child's best interests to continue splitting time between both parents. The court then addressed Father's drug use. The court found that Father's positive drug test from November 2022 clearly established that he abused drugs within twelve months before Mother filed her petition, giving rise to a rebuttable presumption against awarding him legal decision-making authority. *See* A.R.S. § 25-403.04(A). The court, however, concluded that Father rebutted the presumption because, except for the two missed tests, Father complied with the court's drug testing orders and completed hundreds of negative alcohol tests. The court expressed concern with Father's diluted urinalysis test, but ultimately did not change its previous order awarding Mother and Father joint legal decision-making authority.

¶16        The court also denied Mother and Father's requests for attorney fees, finding neither party acted unreasonably and there was no substantial disparity of financial resources between the parties. Mother filed a Motion to Alter or Amend the Judgment, which the court denied.

¶17        Mother timely appealed. We have jurisdiction. *See* A.R.S. § 12-2101(A)(1).

## DISCUSSION

### I.        Legal Decision-Making

¶18        Mother argues the superior court erred by failing to properly apply the statutory presumption against awarding joint legal decision-making authority to a parent who has abused drugs within twelve months before a petition is filed. *See* A.R.S. § 25-403.04.

¶19        We review the superior court's ruling on legal decision-making authority for an abuse of discretion. *DeLuna v. Petitto*, 247 Ariz. 420, 423 ¶ 9 (App. 2019). The court abuses its discretion "when the record is 'devoid of competent evidence to support the decision,' or when the court commits an error of law in the process of reaching a discretionary conclusion." *Engstrom v. McCarthy*, 243 Ariz. 469, 471 ¶ 4 (App. 2018). We do not reweigh the evidence on appeal. *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284 ¶ 20 (App. 2019).

¶20        Section 25-403.04(A) creates a rebuttable presumption that it is not in a child's best interests to award sole or joint legal decision-making authority to a parent who has abused drugs or alcohol within twelve months before the petition is filed.  The superior court must make "[f]indings of fact that support its determination that the parent abused drugs or alcohol," and it must make further "[f]indings that the legal decision-making or parenting time arrangement ordered by the court appropriately protects the child." A.R.S. § 25-403.04(A)(1)–(2).  But a parent may nonetheless rebut the presumption. *See* A.R.S. § 25-403.04(B).  In determining whether the parent has rebutted the presumption, the court must consider the absence of any conviction for drug offenses, the results of random drug testing over six months, and the results of alcohol or drug screenings.  A.R.S. § 25-403.04(B)(1)–(3).

¶21        Father admitted he used cocaine in August 2022, and his November 2022 hair follicle test was positive for cocaine and benzoylecgonine.  The superior court therefore properly found that Father abused drugs within the twelve months before Mother's October 2022 petition.  That finding triggered a rebuttable presumption against awarding Father joint legal decision-making authority.

¶22        Mother contends the court erred in finding Father rebutted the presumption because, in the six months before trial in November 2023, Father missed two drug tests and had a diluted test.  Mother asserts that, pursuant to the terms of the court's drug testing orders, these three tests should have been treated as admissions of substance abuse preventing Father from rebutting the presumption.  *See* A.R.S. § 25-403.04(B)(2).  Mother also argues the court erred in finding Father rebutted the presumption because he did not provide "reliable results" of alcohol or drug screening.  *See* A.R.S. § 25-403.04(B)(3).

¶23        Contrary to Mother's argument, the court correctly applied § 25-403.04.  Mother's assertion that, to rebut the presumption, Father was required to produce negative drug testing results for a six-month period misreads the law.  Subsection (A) requires the court to make explicit findings whether a parent has abused alcohol or drugs to determine whether the presumption applies.  A.R.S. § 25-403.04(A)(1).  But the next step under subsection (B) requires the court to simply *consider*, at a minimum, the absence of any conviction for drug offenses, the results of random drug testing over a six-month period, and the results of substance abuse screenings.  A.R.S. § 25-403.04(B)(1)–(3).  The legislature differentiated between the explicit findings required under subsection (A) and the evidence the court need only consider under subsection (B).  And

that differentiation matters. We will not read additional findings requirements into the statute. *See Hart v. Hart*, 220 Ariz. 183, 187 ¶ 17 (App. 2009) ("[S]tandard principles of statutory construction require that we do not judicially impose a requirement the legislature has intentionally chosen not to require."); *Luchanski v. Congrove*, 193 Ariz. 176, 179 ¶ 14 (App. 1998) ("When the legislature has specifically included a term in some places within a statute and excluded it in other places, courts will not read that term into the sections from which it was excluded."). The court was, therefore, required only to *consider* Father's missed tests and diluted sample, which it did.

¶24        Although Mother is correct that the court was permitted to consider Father's two missed tests and diluted sample as admissions of substance use, it was also permitted to view them as isolated instances in the context of Father's entire testing history. The record contains approximately 54 negative drug tests and 299 negative alcohol tests from the same six-month period. Moreover, Father provided approximately eleven months of negative hair follicle test results and largely complied with the court's drug and alcohol testing orders. Mother has not established that the court abused its discretion in concluding Father rebutted the presumption despite having two missed tests and a diluted sample.

¶25        Mother's argument that the court erred in finding that Father rebutted the presumption because he failed to provide "reliable results" of alcohol or drug screening also fails. Again, the court was required only to consider the results of a substance abuse screening. A.R.S. § 25-403.04(B)(3). Nothing in the record indicates the court failed to do so. The court admitted the results of Father's substance abuse screening into evidence. The results show Father admitted he used cocaine multiple times, including in August 2022, but had not used drugs since. During the screening, Father also stated his relapse "was not a favorable experience and [he] does not want to do [it] again." The clinician ultimately recommended no further treatment for Father.

¶26        The court also heard testimony on the topic from three witnesses—Father, Mother, and the CAA. Father testified that he gave the screening facility all his test results. Mother testified she did not believe Father was truthful in his screening, but she also testified she was fine with joint legal decision-making authority so long as she had the final say. And while the CAA testified that she had concerns with how forthcoming Father was during the screening, she still recommended Mother and Father have joint legal decision-making authority. Although the court did not mention

7

Father's drug screening in its order, it heard evidence about the drug screening, and that evidence reasonably supports the order. We, therefore, infer the trial court made the findings necessary to sustain its judgment. *E.g.*, *Boyle v. Boyle*, 231 Ariz. 63, 67 ¶ 15 (App. 2012); *Elliott v. Elliott*, 165 Ariz. 128, 135 (App. 1990).

**¶27** The record thus adequately supports the court's findings that Father rebutted the presumption. The court did not abuse its discretion in awarding Mother and Father joint legal decision-making authority.

## II. Superior Court Attorney Fees

**¶28** Mother also challenges the court's denial of her request for attorney fees. Mother argues the court erred when it found no financial disparity between the parties and that neither party acted unreasonably. We review the court's denial of attorney fees for an abuse of discretion. *See Magee v. Magee*, 206 Ariz. 589, 590 ¶ 6 (App. 2004). The superior court may award reasonable attorney fees after objectively considering (1) the financial resources of both parties and (2) the reasonableness of each party's positions throughout the proceedings. A.R.S. § 25-324; *In re the Marriage of Williams*, 219 Ariz. 546, 549 ¶ 11 (App. 2008).

**¶29** Mother argues the court erred in finding no substantial disparity of financial resources because the court found for child support purposes that Mother's monthly income was $4,712, while Father's monthly income was $22,024. Mother argues this is a significant disparity supporting attorney fees. Mother also argues Father acted unreasonably because he tested positive for drugs, violated court orders by missing tests, and provided a diluted sample.

**¶30** Mother overlooks that the court received evidence that her income is amply supplemented by her husband's income and that her husband paid her legal fees. The court considered the parties' financial resources and had a justifiable reason for its decision.

**¶31** Even after considering both statutory factors, awarding attorney fees is squarely within the superior court's discretion, which we will not supplant. *See* A.R.S. § 25-324(A) ("The court from time to time . . . *may* order a party to pay a reasonable amount to the other" for attorney fees) (emphasis added); *Myrick v. Maloney*, 235 Ariz. 491, 494 ¶ 9 (App. 2014); *Ferrill v. Ferrill*, 253 Ariz. 393, 399 ¶ 25 (App. 2022) ("Balancing and evaluating factors pertinent to an award of attorney[] fees is within the superior court's discretion, and this court will not substitute its discretion

for that of the superior court.").  The superior court did not abuse its discretion by denying Mother's request for attorney fees.

## ATTORNEY FEES

**¶32**        Both Mother and Father request attorney fees on appeal under A.R.S. § 25-324.  After reviewing the record and considering the financial resources of both parties and the reasonableness of their positions, we decline to award attorney fees to either party.

## CONCLUSION

**¶33**        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV